IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RYAN J. DIETERLE, et al.,** | CASE NO. 3:22 CV 2247 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ANNETTE CHAMBERS-SMITH, et al.,** | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

*Pro se* Plaintiff Ryan J. Dieterle ("Dieterle" or "Plaintiff"), an Ohio inmate incarcerated in the Marion Correctional Institution ("MCI"), filed a civil rights complaint on behalf of himself and two other individuals (*i.e.*, Diana F. Swisshelm and David J. Dieterle) against the Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith, and MCI Cashier N.L. Sterling and Mail Supervisor Coleman. (Doc. 1).[1]

Currently pending is Defendants' fully-briefed Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 9). For the reasons stated below, Defendants' motion is granted and Plaintiff's request for a status hearing (Doc. 13) is denied as moot.

### BACKGROUND

In the Complaint, Plaintiff alleges Defendants deprived him of his First Amendment right to petition the courts by failing to process his requests for postage and the filing fee relating to a petition for a writ of habeas corpus. *See* Doc. 1.

---

1. Plaintiff originally filed his complaint in the District Court for the Southern District of Ohio, which transferred the action here. *See* Doc. 6.

1

Plaintiff alleges he submitted a habeas corpus petition to Coleman on October 26, 2022 "for the purpose of [it] being conveyed to" Sterling to process the $5.00 filing fee. *Id*. at 4. However, on October 28, 2022, when he contacted the cashier's office, he was told that no such package had been delivered there. *Id.* at 5. He alleges that, after Defendants initially failed to assist him, they "suddenly contacted him" on November 1, 2022, and told him to pick up the package. When he did, the package was marked "No Postage." *Id.*

As a result of these events, Plaintiff contends he could not send his "legal package" to the court through "U.S. Mail delivery." *Id*. at 6. Instead, his "entire legal package had to be mailed out" to Swisshelm, who was forced to drive an hour and deliver his package containing his petition for a writ of habeas corpus to the federal court in Cincinnati. *Id*. He contends Swisshelm contacted Plaintiff's father, David Dieterle, to assist. *Id.*

Plaintiff seeks declaratory, injunctive, and monetary relief. *Id*. at 8.

In a supplement to his Complaint (bearing signatures of Plaintiff and David Dieterle), Plaintiff asserts the conduct of Defendants and others with respect to his package prevented it from being filed "during []or about the month of September, 2022" and was "intentional" and reckless." (Doc. 8, at 4).

### STANDARD OF REVIEW

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim on which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must present "enough facts to state a claim to relief that is plausible on its face" when its factual allegations are presumed true and all reasonable inferences are drawn in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has

2

facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

Further, although *pro se* pleadings generally are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), even *pro se* plaintiffs must satisfy this standard to avoid dismissal. *See Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011).

## DISCUSSION

Upon review, the Court agrees with Defendants that Plaintiff's Complaint must be dismissed.

<u>Plaintiff's Claims</u>

Prisoners have a right under the First Amendment of access to the courts extending to "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Prison officials deny prisoners this right when they deprive them of a "reasonably adequate opportunity" to challenge their sentences or the conditions of their confinement. *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis v. Casey*, 518 U.S. 343, 354–55 (1996)). However, alleging a deprivation "in some theoretical sense" does not establish an access-to-the-court violation. *Rodgers*, 14 F. App'x at 409 (citing *Lewis*, 518 U.S. at 351). Rather, to state a claim, a plaintiff must show that he suffered "an actual injury to existing or contemplated litigation which raises nonfrivolous claims." *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003) (citing *Lewis*, 518 U.S. at 349-55).

This requires a plaintiff to allege "specific facts showing that he suffered prejudice" to a nonfrivolous direct appeal, habeas corpus application, or civil rights action as a result of the defendant's conduct. *See McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003) (affirming dismissal of a prisoner's access to the court claim where the prisoner failed "to allege the exact nature of his frustrated claims, whether he actually had pending cases which were dismissed, or why he was unable to proceed on [the] alleged claims"); *see also Clark v. Corrections Corp. of America*, 113 F. App'x 65, 68 (6th Cir. 2004) (affirming dismissal of prisoner complaint where prisoner "offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous legal claim").

A plaintiff must also "prove that the violation was intentional, not merely negligent." *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006) (affirming dismissal of prisoner's action alleging a violation of his right of access to courts due correctional facility's resident manager's failure to ensure that mail to Michigan Supreme Court was processed within next business day).

Defendants move to dismiss Plaintiff's Complaint. They argue, *inter alia*, Plaintiff has not alleged facts permitting a plausible inference that Defendants' conduct caused him to suffer an "actual injury" to a "non-frivolous legal claim." *See* Doc. 11 at 5-6. The Court agrees. Plaintiff has not alleged or explained in his Complaint, supplement, or opposition brief that or how Defendants' alleged conduct actually prejudiced his habeas corpus petition. His complaint on its face indicates he was ultimately able to file the petition in the Southern District of Ohio, and he has not alleged or suggested the petition was actually dismissed due to circumstances caused or created by Defendants. In addition, he has not alleged or demonstrated his habeas corpus petition itself raised "non-frivolous legal claims."

4

Accordingly, even accepting as true Plaintiff's allegations that Defendants mishandled his legal package and requests for fees and postage and that their conduct was more than negligent and intentional, his Complaint fails to allege an actionable First Amendment access-to-the courts claim.

<u>Claims of Swisshelm and David Dieterle</u>

The Court also agrees with Defendants that Plaintiff's action must be dismissed to the extent he purports to bring the action on behalf of Swisshelm and David Dieterle. Those individuals did not sign the original Complaint; the Complaint does not allege any rights violations personal to them; and, as a non-lawyer and *pro se* litigant, Plaintiff may represent only himself in federal court. *See* 28 U.S.C. § 1654. He is not authorized to represent anyone else. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self only).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Dismiss (Doc. 9), be and the same hereby is, GRANTED and Plaintiff's Complaint is DISMISSED; and it is

FURTHER ORDERED that Plaintiff's request for a status hearing (Doc. 13), be and the same hereby is, DENIED AS MOOT; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE